# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD LEE COLEMAN, | ) |
| Petitioner, | ) ) ) |
| vs. | )  No. 4:04CV1756-SNL |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Coleman's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody is before the Court. The respondent has replied in opposition.

### Background

Following a plea of guilty to the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and punishable pursuant to 18 U.S.C. § 924(a)(2), the defendant was sentenced March 5, 2004 to 66 months custody of the Bureau of Prisons. No appeal was taken.

Movant's assertion of wrongdoing is set out on page five of his motion. He asserts "conviction obtained by a violation of the protection against double jeopardy. . . . Conviction enhanced by government for my past criminal history which is double jeopardy and unconstitutional."

At the time of the plea, the defendant and the government entered into a formal plea agreement. A part of such agreement set out in paragraph 2B(2) states: "The defendant further agrees to waive all rights to contest the conviction or sentence, except for grounds of prosecutorial conduct or ineffective assistance of counsel, in any post-conviction proceeding, including one pursuant to Title 28 U.S.C. § 2255."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Movant has not suggested in his motion that his counsel was ineffective in any way, including the raising of a possible double jeopardy complaint. In any event, movant has not sustained his burden to show that his counsel's performance was deficient or that he was prejudiced thereby. Covey v. U.S., 377 F.3d 903, 906 (8th Cir. 2004), DeRoo v. U.S., 223 F.3d 919, 925 (8th Cir. 2000).

Movant's double jeopardy claim should be denied for several reasons. First, movant has waived any right to contest the conviction or sentence pursuant to his plea agreement. As he has not asserted ineffective assistance of counsel, he has waived his right to contest the conviction and sentence on double jeopardy ground or any other ground.

The second reason is that movant's § 2255 proceeding has been procedurally defaulted. "Even constitutional or jurisdictional claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice or actual innocence." Coleman v. U.S.A., 2005 WL 3021104 (E.D.Mo-2005), citing Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Movant has not demonstrated cause for the default and prejudice or actual innocence. Accordingly, his claim is procedurally defaulted for failure to raise it on a direct appeal.

The Court is not unmindful that in the plea agreement, movant waived his right to appeal. Nonetheless, having done so, he may not now avoid a procedural default for failure to reserve the right to appeal as to a constitutional issue such as he is now raising.

Finally, movant has failed to suggest any legal support for his assertion that double jeopardy attached here. Movant's assertion is that "conviction enhanced by government for my past criminal history which is double jeopardy and unconstitutional." The Court has been unable to find any support for movant's position. Accordingly, it has no merit.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

For the foregoing reasons, the Court finds that movant's claim should be dismissed.

Dated this  10th  day of May, 2006.

/s/ Stephen N. Limbaugh
SENIOR UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com